FILED

JANUARY 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SAKEENA SHAW,                                  )
                                               )
            Plaintiff,                         )
                                               )
     vs.                                       )
                                               )
AMSHER COLLECTION SERVICES, INC.,              )
                                               )
            Defendant.                         )

**08 C 55**

**JUDGE SHADUR
MAGISTRATE JUDGE BROWN**

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Sakeena Shaw brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Amsher Collection Services, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by plaintiff within this District;

        b.      Defendant does business within this District.

### PARTIES

4.      Plaintiff Sakeena Shaw  is an individual who resides in the Northern District

1

of Illinois.

5.     Defendant Amsher Collection Services, Inc. is a corporation with offices at 600 Beacon Parkway W., Suite 300, Birmingham, AL 35209.

6.     Amsher Collection Services, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7.     Amsher Collection Services, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8.     Defendant has been attempting to collect from plaintiff a cellular telephone debt allegedly incurred for personal, family or household purposes.

9.     On or about August 28, 2006, Amsher Collection Services, Inc. sent plaintiff Sakeena Shaw the collection letter attached as Exhibit A.

10.     The letter sought to collect an alleged defaulted debt incurred for personal, family or household purposes.

11.     Exhibit A was the initial letter plaintiff received from defendant regarding the debts described therein.

12.     On information and belief, Exhibit A was the initial letter defendant sent plaintiff regarding the debt described therein.

13.     On information and belief, Exhibit A represents a form letter intended for use by Amsher Collection Services, Inc. as the initial letter it sends to a consumer.

14.     On September 11, 2006, plaintiff disputed the debt and informed defendant she was represented by counsel.  Exhibit B is a copy of plaintiff's dispute letter and the fax transmission receipt for it, showing receipt at 0841 on September 11, 2006.

15.     At no time did defendant provide any verification of the alleged debt.

16.     Subsequently, on September 19, 2006 and September 20, 2006, agents of Amsher Collection Services, Inc. telephoned plaintiff directly and demanded payment of the alleged debt.

2

17.    On December 12, 2007, December 17, 2007 and December 19, 2007 agents of Amsher Collection Services, Inc., telephoned Plaintiff directly at her place of employment.

18.    On information and belief the debt is barred by the statute of limitations.

## VIOLATIONS COMPLAINED OF

19.    Defendant thereby violated 15 U.S.C. §1692g, by continuing collection activity without providing validation, and 15 U.S.C. §1692c, by contacting a represented debtor directly.

20.    The "validation notice" section of the FDCPA, 15 U.S.C. §1692g, provides:

**§ 1692g.        Validation of debts [Section 809 of P.L.]**

### Notice of debt; contents

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### Disputed debts

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such

3

verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

### No Admission of liability

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

21.    Section 1692c provides:

### § 1692c.    Communication in connection with debt collection [Section 805 of P.L.]

(a) **Communication with the consumer generally**--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .

(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

t:\17977\pleading\complaint_pleading.wpd

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

*Letter to Collection agency* 

November 15, 2007

Sakeena Shaw

AmSher Collection Services         **Redacted**
600 Beacon Pkwy W
Ste 300
Birmingham, AL 35209-3120

CMRRR: 7007 0710 0001 5831 2699

RE: Account #

To Whom It May Concern:

A recent review of my credit report shows that you have an open installment loan in my name.

I dispute your claims and reporting entirely, as I have no record of ever having an installment loan from your organization.

Please forward me documentary evidence of such account, including the original contract that you allege I signed with your company. Alternatively, please delete the item from my credit report.

You have thirty (30) days from receipt of this notice to respond. Your failure to respond, on point, in writing, hand signed, and in a timely manner, will work as a waiver to any and all of your claims in this matter, and will entitle me to assume that you placed this on my credit report(s) in error and that this matter is permanently closed. Provide the proof, or correct the record and remove this invalid debt from all sources to which you have reported it to.

In addition you are hereby advised that all future contact with me must be by US mail. Any other method is "inconvenient" as defined by the FDCPA.

Sincerely,

Sakeena Shaw

# EXHIBIT B

*Green card received*

Page 10 of 10

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Constance Lawson*    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*Constance Lawson*    11-26-07

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

*Amshor Collection Svcs*
*600 Beacon Parkway W.*
*# 300*
*Birmingham, AL*
*35209*

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7007 0710 0001 5831 2699

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540