```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

SAKEENA SHAW,                     )
                                  )
                Plaintiff,        )
                                  )
     v.                           )     No.  08 C 55
                                  )
AMSHER COLLECTION SERVICES, INC., )
                                  )
                Defendant.        )
```

## MEMORANDUM ORDER

Sakeena Shaw ("Shaw") has just brought a Fair Debt Collection Practices Act ("Act") Complaint against Amsher Collection Services, Inc. ("Amsher"). This memorandum order is issued sua sponte to address a patent and puzzling flaw in the Complaint--puzzling because Shaw is represented by the law firm that is by far the most active and most experienced in this judicial district in bringing claims under the Act.

What the Complaint reflects is a familiar scenario in these cases: issuance of a collection letter followed by a response by the putative debtor that disputes the debt (in this instance, the response included a statement that Shaw was represented by counsel), then followed in turn by assertedly improper further demands seeking collection of the debt. But what is odd is that the time sequence of those events set up in the Complaint is totally inconsistent with what is reflected in the photocopied exhibits attached to the Complaint:[1]

---

[1] References to the Complaint will take the form "¶--."

| Event | Date in Complaint | Date in Exhibit |
|---|---|---|
| Collection letter | 8/28/06 (¶9) | Ex. omitted (though ¶9 lists it as Ex. A) |
| Shaw's dispute letter | 9/11/06 (¶14) | 11/15/07 (Ex. A, though ¶14 lists it as Ex. B) |
| Green card receipt | 9/11/06 (¶14) | 11/26/07 (Ex. B) |

In light of those disparities, the allegation in Complaint ¶16 that Amsher followed up with telephonic demands for payment on September 19 and 20, <u>2006</u> appears to make no sense. And the allegation that telephone calls were placed to Shaw at her place of employment on December 12, 17 and 19 <u>2007</u> seems to mesh with Exs. A and B, but not with the timetable otherwise set out in the Complaint.

Under the circumstances the existing Complaint must be and is stricken, but without prejudice to the filing of a self-contained Amended Complaint on or before January 18, 2008. Shaw's counsel are directed:

   1.  to take whatever steps may be necessary to apprise Amsher and its counsel that the original Complaint need not be answered (if that advice is not communicated in time to prevent such a needless response, Shaw's counsel may be required to pay for the added work thus imposed on Amsher's counsel); and

   2.  not to bill Shaw for the added work or any expense involved in curing the flaw that has been referred to in

this memorandum order.

>                                 _____
>                                 Milton I. Shadur
>                                 Senior United States District Judge

Date:  January 7, 2008